IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Vanessa L. Donaldson ) | |
| 3428 Hazelwood Road ) | |
| Edgewater, MD 21037 ) | |
| Anne Arundel County ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:15-cv-901 |
| ) | |
| Severn Savings Bank, F.S.B. ) | |
| 1919 West Street, Suite 200 ) | |
| Annapolis, MD 21401 ) | |
| Anne Arundel County ) | |
| ) | |
|     Defendant ) | |

**COMPLAINT**

Vanessa L. Donaldson, by Hartman and Egeli, LLP and John R. Griffin, her attorneys, sues Severn Savings Bank, F.S.B. and for her causes of action states

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over action pursuant to 28 U.S.C. §1331 because it relates to the Defendant's violations of 18 U.S.C. § 1514A.

2. This Court is a proper venue pursuant to 28 U.S.C. § 1391(b) because all parties reside or have their principal offices in Anne Arundel County, Maryland.

**PARTIES**

3. Vanessa L. Donaldson is a resident of Anne Arundel County, Maryland.

4. Severn Savings Bank, FSB is a Maryland Corporation with its principal office located in Annapolis, Maryland.

## FACTS COMMON TO ALL COUNTS

5. Mrs. Donaldson was employed by Severn Savings Bank from July 7, 1996, until she was abruptly terminated on January 8, 2014.

6. Mrs. Donaldson earned a salary of $56,135.00 in 2013 as an Assistant Vice President and Branch Manager, plus regular bonuses.

7. Mrs. Donaldson's duties consisted of sales; monthly networking activities with Annapolis Anne Arundel Chamber of Commerce; training and hiring of new staff members; disciplinary actions and other employee related issues; motivating employees to ensure service quality met all required standards; resolving escalated customer concerns; ensuring branch followed established security and compliance guidelines to protect the staff, company and customers; overseeing the completion and accuracy of audits; serving on a variety of committees to consider or implement initiatives that support the branch network; supervising the branch staff; conducting wire transfers; maintaining the branch scheduling; handling daily reports; opening new accounts; creating branch annual budgets and sales activities; working with the Operations Department to ensure policy and procedures are being implemented; meeting with potential business owners to assist with their financial needs; volunteering at local community events as the face of Severn Savings Bank.

8. Early in January of 2014 and prior to her termination on January 8, 2014, Mrs. Donaldson learned that the commercial/retail manager for her branch, J.D. Zachary, falsified business and accounting records for the quarter ending September 30, 2013 in order to get bonus pay from the company and to defraud its shareholders.

9. On January 7, 2014, Mrs. Donaldson informed her immediate supervisor, Jennifer Selby, of her discovery.

10. Upon information and belief, Ms. Selby immediately informed Mr. Zachary of Ms. Donaldson's report.

11. On January 8, 2014, Brooke Poindexter, the Human Resource Manager for Severn Savings Bank fired Mrs. Donaldson in retaliation for her report regarding Mr. Zachary's falsification of data in order to obtain a bonus.

12. Mrs. Donaldson's report regarding Mr. Zachary's fraud on the shareholders was the sole factor that lead to her termination on January 8, 2014.

13. Mrs. Donaldson at all times fully and competently performed all of the duties assigned to her.

14. Severn Bancorp, Inc. is a publicly traded company and the parent of Severn Savings Bank, FSB.

15. On May 29, 2014, Mrs. Donaldson filed a complaint with OSHA pursuant to 18 U.S.C. § 1514A.

16. More than 180 days have passed since Mrs. Donaldson filed her complaint with OSHA, and no final decision has been issued.

## COUNT I

### Sarbanes-Oxley Act

17. The Sarbanes-Oxley Act, 18 U.S.C. § 1514A, prohibits retaliation against an employee of publicly traded companies who provides information to a person with supervisory authority related to fraudulent conduct.

18. Severn Savings Bank's termination of Mrs. Donaldson was a direct violation of 18 U.S.C. § 1514A.

19.  At the time of her termination, Severn Savings Bank knew that Mrs. Donaldson's report was protected activity under 18 U.S.C. § 1514A.

20.  Section 1514A(c) provides that an employee prevailing in such an action under Section 1514A shall be entitled to compensatory damages, including reinstatement, back pay with interest, costs and attorney's fees.

WHEREFORE, for the foregoing reasons, Vanessa L. Donaldson demands that Severn Savings Bank pay compensatory damages of $100,000.00, including reinstatement, lost wages, interest, costs and attorney's fees.

## COUNT II

### Wrongful Termination

21.  Mrs. Donaldson incorporates by reference the allegations of the preceding paragraphs of this Complaint.

22.  Severn Savings Bank termination of Mrs. Donaldson was a violation of a clear mandate of public policy to encourage employees to report conduct such as the conduct described above.

23.  Mrs. Donaldson was summarily terminated within a day of reporting the conduct to her supervisor, before she had an opportunity to report the conduct to law enforcement or the appropriate judicial officer.

24.  Mrs. Donaldson was terminated because of the report and her intention to report the conduct to the appropriate authorities.

25.  Severn Savings Bank's termination of Mrs. Donaldson was wrongful and as a result she suffered damages.

WHEREFORE, for the foregoing reasons, Vanessa L. Donaldson demands that Severn Savings Bank pay compensatory damages of $100,000.00, punitive damages of $100,000.00, interest, costs and attorney's fees.

## COUNT III

### Defamation

26. Mrs. Donaldson incorporates by reference the allegations of the preceding paragraphs of this Complaint.

27. After she was terminated, Mrs. Donaldson subsequently learned that the management of Severn Savings Bank had told her former co-workers and others that she was terminated for allegedly lying about an incident that occurred in October of 2013, of which she had no knowledge.

28. Mrs. Donaldson had never lied about the incident, and in fact had reported the incident to the same supervisors who eventually terminated her and manufactured the lying accusation as a basis for her termination.

29. Severn Savings Bank acted with knowledge of the falsity of the statements and with the intent to harm Mrs. Donaldson by terminating her and by making it more difficult for her to seek new employment due to the nature of the termination.

30. As a result of the false and defamatory statements published by Severn Savings Bank, the character and reputation of Mrs. Donaldson were harmed, her standing and reputation at the Bank and in the community were impaired, and she suffered mental anguish and personal humiliation.

31.  As a direct and proximate result of the false and defamatory statements made by Severn Savings Bank, Mrs. Donaldson was terminated and her search for additional employment was damaged, and she thereby suffered a loss of prospective income.

WHEREFORE, for the foregoing reasons, Vanessa L. Donaldson demands that Severn Savings Bank pay compensatory damages of $100,000.00, punitive damages of $100,000.00, interest, costs and attorney's fees.

### JURY DEMAND

Plaintiff demands a jury trial on any and all qualifying issues.

HARTMAN AND EGELI, LLP

By: /s/ John R. Griffin
John R. Griffin, #15746
john.griffin@hartmanegeli.com
116 Defense Highway, Suite 300
Annapolis, Maryland 21401
(410) 266-3232
(410) 266-5561 fax
*Attorneys for Vanessa Donaldson*