# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VANESSA L. DONALDSON, | * |
| Plaintiff | * |
| v. | * CIVIL NO. JKB-15-901 |
| SEVERN SAVINGS BANK, F.S.B., | * |
| Defendant | * |

## MEMORANDUM

*I. Background*

Plaintiff Vanessa L. Donaldson brought this suit against her former employer, Defendant Severn Savings Bank, F.S.B. ("Severn"), claiming she was unlawfully terminated after she reported to her supervisor her suspicions about an inaccurate bank report. (Compl., ECF No. 1.) She alleges her termination constituted retaliation in violation of the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A (Count I), and also constituted the tort of wrongful termination under Maryland law (Count II). In addition, Donaldson claims Severn defamed her after her termination (Count III).

Pending before the Court is Severn's motion to dismiss Counts I and II. (ECF No. 4.) Donaldson filed both an amended complaint as of right (ECF No. 5) and an opposition to the motion (ECF No. 10), to which Severn has replied (ECF No. 11). No hearing is required. Local Rule 105.6 (D. Md. 2014). The motion will be denied as to Count I and granted as to Count II.

## II. Standard of Dismissal for Failure to State a Claim

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## III. Allegations of the Complaint

Donaldson alleges she was employed by Severn from July 7, 1996, until January 8, 2014, when she was abruptly terminated. (Am. Compl. ¶ 5.) In 2013, she was an Assistant Vice President and Branch Manager and was paid a salary of $56,135 as well as regular bonuses. (*Id.* ¶ 6.) In this job, Donaldson had a host of duties including sales, networking, hiring and training, disciplinary actions, motivation of employees, resolving customer concerns, ensuring branch compliance with governing guidelines, overseeing audits, serving on various committees, supervising branch staff, scheduling, handling daily reports, creating annual budgets and sales activities for the branch, coordinating with the operations department, meeting with potential

business owners to assist with their financial needs, and volunteering as Severn's "face" in the community. (*Id.* ¶ 7.)

In early January 2014, Donaldson learned that J.D. Zachry, the commercial/retail manager for Donaldson's branch, had falsified the retail production report for the third quarter of 2013, including data specifically related to Donaldson's branch; Zachry allegedly inflated the figures in a scheme to collect unearned bonus pay. (*Id.* ¶¶ 8 – 9.) On January 7, 2014, "out of good conscious [*sic*] and under the belief that she had an obligation to do so," Donaldson informed Jennifer Selby, her immediate supervisor, of her suspicion that Zachry "was defrauding the bank and its shareholders by submitting falsified records in a scheme to collect unearned bonus pay." (*Id.* ¶ 10.) Selby also qualified for additional bonus pay as a result of the falsified report. (*Id.* ¶ 11.) Upon Donaldson's information and belief, Selby immediately alerted Zachry to Donaldson's report and thereafter conspired with Zachry to terminate Donaldson's employment. (*Id.* ¶¶ 11 – 12.) The day after Donaldson's report to Selby, the Human Resource Manager for Severn Savings Bank, Brooke Poindexter, fired Donaldson in retaliation for her report regarding Zachry's falsified report; Donaldson's report about Zachry "was a contributing cause, if not the sole factor leading to her termination on January 8, 2014." (*Id.* ¶¶ 13 – 14.)

## IV. Analysis

### A. Count I: SOX retaliation claim

The Sarbanes-Oxley Act enacted whistleblower protection for employees of publicly traded companies by forbidding any such company or its officer, employee, contractor, subcontractor, or agent from discharging an employee

> because of any lawful act done by the employee to provide information . . . regarding any conduct which the employee reasonably believes constitutes a violation of section 1341, 1343, 1344, or 1348 [of Title 18, United States Code], any rule or regulation of the Securities and Exchange Commission, or any

3

> provision of Federal law relating to fraud against shareholders, when the information . . . is provided to . . . a person with supervisory authority over the employee . . . .

18 U.S.C. § 1514A(a)(1). The cited sections of Title 18 within the preceding section refer to the federal criminal statutes relating to mail fraud (§ 1341), wire fraud (§ 1343), bank fraud (§ 1344), and securities fraud (§ 1348).

The Court construes Donaldson's complaint as relying upon the criminal statutes pertaining to bank fraud, securities fraud, and wire fraud as the basis for her SOX claim. (Am. Compl. ¶ 21.) Donaldson does not indicate that she is relying upon a violation of a rule or statute that prescribes a civil penalty. A Rule 10b-5 violation would be an example of the latter, but Donaldson does not offer allegations or argument supporting her belief that such occurred. Consequently, the Court's focus is on the question of whether Donaldson has adequately alleged that she was terminated in retaliation for providing information to Selby about Zachry's conduct, which she reasonably believed constituted a violation of sections 1343, 1344, and/or 1348.

The elements of a SOX retaliation claim are (1) the plaintiff engaged in protected activity, (2) the plaintiff's employer knew she engaged in protected activity, (3) the plaintiff suffered an adverse personnel action, and (4) the protected activity was a contributing factor to the adverse action. *Jones v. Southpeak Interactive Corp. of Delaware*, 777 F.3d 658, 668 (4th Cir. 2015). As for the first element, a plaintiff need not prove (or allege) that the employer's conduct amounted to legally actionable fraud; instead, the plaintiff need only prove (or allege) that she had both a subjective belief and objectively reasonable belief that the particular conduct by the employer violated relevant law. *See id.* (citing *Welch v. Chao*, 536 F.3d 269, 275 (4th Cir. 2008)). At the pleading stage, the plaintiff must plausibly allege sufficient facts to support an objectively reasonable belief.

Severn contends Donaldson has failed plausibly to allege she engaged in protected activity because she failed "to allege any facts whatsoever that would indicate any material misrepresentations (or omissions) were reported to Severn's shareholders"; thus, Severn asserts, Donaldson did not have an objectively reasonable belief that shareholder fraud or any of the other types of fraud enumerated in § 1514A occurred. (Def.'s Mot. Dismiss Supp. Mem. 2, ECF No. 4-1.) Severn's argument seems to be premised upon the notion that Donaldson's complaint must include an objectively reasonable belief as to the existence of the elements of a Rule 10b-5 private cause of action, including the elements of reliance, economic loss, and loss causation. (*Id.* 7-11.) As earlier noted, however, the complaint, in the Court's view, focuses upon Donaldson's belief that one of the three types of criminal fraud had occurred. The elements of a Rule 10b-5 cause of action are, thus, irrelevant to an assessment of the adequacy of Donaldson's complaint.

An objectively reasonable belief as to any of these kinds of criminal fraud must necessarily be based upon facts known to Donaldson that would permit a reasonable inference that Zachry had engaged in either wire fraud, bank fraud, or securities fraud against Severn. The elements of those crimes, therefore, are relevant to this determination. As the Supreme Court has noted, sections 1343 (wire fraud) and 1344 (bank fraud) were modeled upon section 1341 (mail fraud) and have as their common element a scheme or artifice to defraud by false or fraudulent pretenses, representations, or promises. *Neder v. United States*, 527 U.S. 1, 20-21 (1999). Likewise, section 1348 (securities fraud) was modeled on the mail and wire fraud statutes, *United States v. Mahaffy*, No. 05-CR-613, 2006 U.S. Dist. LEXIS 53577, at *33-34 (E.D.N.Y. Aug. 2, 2006), *vacated and remanded on other grounds*, 693 F.3d 113 (2d Cir. 2012), and includes an element of a scheme or artifice to obtain something of value by false or fraudulent

5

pretenses, representations, or promises.[1] These similar statutes are accorded a similar construction and the same substantive analysis. *See United States v. ReBrook*, 58 F.3d 961, 967 n.6 (4th Cir. 1995) (applying reasoning applicable to mail fraud statute also to wire fraud statute); *Mahaffy*, 2006 U.S. Dist. LEXIS 53577, at *33-34 (same for securities fraud statute).

Severn has attempted to argue that the unknown amount of unearned bonuses should be compared to Severn's total assets, which it then includes in its briefing papers. (*See* Def.'s Mot. Dismiss Supp. Mem. 9 n.4.) This argument is wholly improper on a Rule 12(b)(6) motion, which only addresses the sufficiency of the complaint's allegations. In any event, the federal criminal fraud statutes do not incorporate the common-law fraud elements of justifiable reliance and damages. *Neder*, 527 U.S. at 24-25. The statutes prohibit the scheme to defraud, not a completed fraud. *Id.* at 25. Thus, the amount of loss sustained, if any, by Severn is of no moment. *See Welch v. Chao*, 536 F.3d 269, 276 (4th Cir. 2008) (whether communication relates to material violation of criminal fraud statute not element of § 1514A).

Materiality of falsehood, on the other hand, was a common-law element of actionable fraud at the time these fraud statutes were enacted and is an incorporated element of the mail fraud, wire fraud, and bank fraud statutes. *Neder*, 527 U.S. at 25. Given the similarity of the securities fraud statute to these other statutes, it may be presumed that materiality of falsehood is also an incorporated element of § 1348(2).[2] But § 1514A carries no independent materiality element. *Welch*, 536 F.3d 276. Consequently, Donaldson's objective belief need not be about a material matter, as Severn has argued. Rather, her objective belief must be based on facts

---

[1] Section 1348 also makes illegal a scheme or artifice to defraud in connection with the future delivery of a commodity or security. 18 U.S.C. § 1348(1). That subsection is not relevant to the instant case. The Second Circuit has interpreted § 1348(1) as not requiring false representations or material omissions. *United States v. Mahaffy*, 693 F.3d 113, 125 (2d Cir. 2012.)

[2] See note 1, *supra*.

6

permitting an inference that Zachry's allegedly false representation was material to Severn's course of conduct. Materiality is defined as having "'a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed.'" *Neder*, 527 U.S. at 16 (alteration in original).

Besides materiality of falsehood in the scheme or artifice to defraud, the three statutes also require an additional element that must be proven. For the crime of wire fraud, it must be shown that interstate wire facilities were used. *Id.* at 20. For the crime of bank fraud, it must be established "[t]hat the money or property obtained or attempted to be obtained by the defendant was owned by or under the custody or control of a federally chartered or insured financial institution." *United States v. Bales*, 813 F.2d 1289, 1294 n.2 (4th Cir. 1987). In the case of securities fraud, the additional element to be shown is a nexus with a security. *Mahaffy*, 2006 U.S. Dist. LEXIS 53577, at *34. The respective additional element for each of these crimes is not at issue presently. Instead, the focus now is upon the materiality of the falsehood in the alleged scheme or artifice to defraud.

Donaldson has adequately alleged that Zachry's falsehood in the retail production report was intended to affect Severn's decision as to how much Zachry's bonus should be. If the retail production figures were improperly inflated, then inferentially, Zachry's bonus, based on the production figures, would have been likewise improperly inflated. In addition, Donaldson alleges that the amount of Selby's bonus would also have been influenced by the retail production report. Thus, materiality has been properly alleged. As a result, it may be inferred from Donaldson's complaint that she had an objectively reasonable belief that Zachry and,

7

perhaps, Selby were engaged in a scheme to defraud Severn[3] and, further, that Donaldson was engaging in protected activity by reporting her suspicions about Zachry to Selby. Severn does not contest the adequacy of Donaldson's allegations as to the other three elements of a *prima facie* case of SOX retaliation. Severn's motion to dismiss will be denied as to the first count.

### B. Count II: Wrongful termination

In the second count of Donaldson's complaint, she alleges she was obligated to report suspected fraudulent behavior to her supervisor, according to Severn's employee handbook and according to Md. Code Ann., Fin. Inst. § 5-803 (LexisNexis 2011). She alleges failure to report would have subjected her to internal discipline as well as possible personal civil liability. (Am. Compl. ¶¶ 27-30.) Further, she alleges Severn's termination of her employment violated "a clear mandate of public policy to encourage employees to report suspected fraudulent conduct, prevent future fraudulent conduct from occurring, and to prevent employees of banks from making false entries in bank records." (*Id.* ¶ 31.) Severn has advanced two arguments as to why Count II of Donaldson's complaint should be dismissed: (1) She has a statutory remedy available to her in the form of a SOX retaliation claim, and (2) even if a statutory remedy did not preclude a wrongful termination claim, such a claim requires external reporting to authorities and cannot be brought when the only reporting was done internally. (Def.'s Mot. Dismiss Supp. Mem. 12.) Severn's contentions have merit.

The tort of wrongful termination or abusive discharge "is inherently limited to remedying only those discharges in violation of a clear mandate of public policy which otherwise would not be vindicated by a civil remedy." *Makovi v. Sherwin-Williams Co.*, 561 A.2d 179, 180 (Md. 1989). The essence of Donaldson's claim in Count II is that she was discharged because of her

---

[3] The Court questions the adequacy of Donaldson's allegations as to possible securities fraud, but because her complaint on Count I survives in relation to possible wire fraud and bank fraud, the Court will allow securities fraud to proceed as an alternative theory in Count I, subject to later evaluation based upon factual development.

report to Selby about Zachry's allegedly falsified retail production report. (Am. Compl. ¶ 32.) This claim is indistinguishable from her claim in Count I that her termination was unlawful under SOX because it constituted retaliation for her same report to Selby about the same allegedly fraudulent conduct. (*Id.* ¶ 24.) Thus, to the extent Donaldson's claim of unlawful termination may be found meritorious, her remedy lies with what is accorded under SOX. For that reason, Count II fails to state a claim for relief.[4]

## V. Conclusion

Donaldson has plausibly stated a claim of unlawful retaliation under the Sarbanes-Oxley Act, but she has failed to state a claim for relief for the tort of wrongful termination. Count II will be dismissed.

DATED this 18th day of November, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge

---

[4] Were the Court to reach Severn's alternative argument, the Court would conclude that, under the present state of Maryland case law, Donaldson's report internally to Selby is insufficient basis for an actionable tort of wrongful termination, which must rest upon a report to external authorities. *See Wholey v. Sears, Roebuck & Co.*, 803 A.2d 482, 496 (Md. 2002) (plurality op.); *King v. Marriott Int'l, Inc.*, 866 A.2d 895, 904 (Md. Ct. Spec. App. 2005). This requirement in Maryland tort law is not recognized for whistleblowing claims under Maryland's Health Care Worker Whistleblower Protection Act, Md. Code Ann., Health Occ. §§ 1-501 – 1-506 (LexisNexis 2014); instead, the Court of Appeals in that situation found "no sense" in requiring an external report prior to termination as long as the former employee actually made an internal report. *See Lark v. Montgomery Hospice, Inc.*, 994 A.2d 968, 977, 984 (Md. 2010). Any seeming inconsistency in these two lines of cases is not for this Court to resolve.